```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

               CASE NO. 08-60956-CIV-ZLOCH
```

KEVIN MCCORMICK, JR.,

    Plaintiff,

vs.                                                **O R D E R**

BEHNKE AND ASSOCIATES, INC.,
and FRED BEHNKE,

    Defendants.

_____/

    THIS MATTER is before the Court upon Defendants' Motion To Vacate Clerk's Default (DE 11), which the Court construes as a Motion To Vacate Default Final Judgment, and Motion To Consolidate Cases (DE 12). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Kevin McCormick initiated the above-styled cause with the filing of his Complaint (DE 1) on June 24, 2008. On July 8, 2008, Plaintiff effected service of process on both Defendants. See DE Nos. 5 & 6. Upon Defendants' failure to respond to the Complaint (DE 1) within the time prescribed by law, Plaintiff moved for a Clerk's Default, which was entered on July 30, 2008. DE 8. Plaintiff then filed a Motion For Default Judgment (DE 9), which the Court granted and entered Default Final Judgment (DE 10) on July 31, 2008. Defendants filed the instant Motion (DE 11) on August 4, 2008, seeking an order vacating the Clerk's Default. The Court construes this as a Motion To Vacate the Default Final Judgment.

A party may obtain relief from a default final judgment for the reasons set forth in Federal Rule of Civil Procedure 60(b), which includes the case where a default is entered through mistake, inadvertence, surprise, or excusable neglect.  Defendants argue that "good cause" exists to set aside the default final judgment.  Thus, Defendants essentially argue that the default final judgment should be vacated on the sole basis of excusable neglect on their part.  Fed. R. Civ. P. 60(b)(1).[1]

In support of their argument, Defendants assert that they were served on July 8, 2008, and spent the next sixteen days contacting "several law firms to find adequate representation."  DE 11, p. 1.  On July 24, 2008, they contacted their present counsel, but did not get a copy of the Complaint, Summons, and retainer check to him through the mail until July 31, 2008.  Id., pp. 1-2.  Thus, Defendants' argument is that the sixteen days spent finding an attorney and the seven days it took to get him a copy of a legal document claiming willful violations of federal law is excusable neglect.  The Court disagrees.  This is not a case of a low-level employee purporting to accept service and then misplacing the documents.  Rather, Defendants were constantly aware of the Complaint and state that they sought and contacted present counsel prior to the response deadline.  Nor is this a case of a defendant unsophisticated in business and the requirements of litigation.

---

[1] Plaintiff cites Federal Rule of Civil Procedure 55(c) to the Court for the standard on ruling on the instant Motion.  That rule allows a default to be vacated upon a showing of good cause.  However, the same rule states that a default final judgment may be set aside pursuant to Rule 60(b).

Indeed, Defendants' proposed Answer And Affirmative Defenses, attached as an Exhibit to the instant Motion (DE 11), would admit that Defendant Behnke And Associates, Inc. is a corporation with over $500,000 in annual revenue. DE 11, Ex A, ¶ 6. A corporation of that size is able to notify its attorney of the action and cause a timely response to be filed. The Court finds that Defendants' failure to implement a procedure for timely responding to the Complaint to be unreasonable. Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987) ("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.") (citation omitted).

The instant Motion (DE 11) states that Defendants contacted their present counsel but obtained an incorrect address for him from another attorney. Notwithstanding Defendants' reliance on the mails to forward the complaint and summonses to their attorney in an age of the fax machine and electronic mail and scanners, the Court finds their wrong address defense fails to establish excusable neglect. Both Defendants have reason to protect their respective interests and ensure that an attorney is contacted and acts promptly to protect their interests. Their failure to take such action in this matter does not establish excusable neglect. See Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993) (finding no excusable neglect in an individual's lack of diligence to ensure that his attorney was protecting his interests). Moreover, Defendants assert in the instant Motion that

3

their attorney received a copy of the Complaint and Summonses (and retainer check) on July 31, 2008.  DE 11, p. 2.  However, they offer no explanation why the instant Motion was not filed until just before 4:00 p.m. on August 4, 2008, a full four calendar days later.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion To Vacate Clerk's Default (DE 11), which the Court construes as a Motion To Vacate Default Final Judgment, be and the same is hereby **DENIED;** and

2. Defendants' Motion To Consolidate Cases (DE 12) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   14th    day of August, 2008.

```
                                    /s/ William J. Zloch
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

Copies furnished:

All Counsel of Record